IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-04066-RBJ

RUBEN UGARTE HERNANDEZ,

    Petitioner,

v.

JUAN BALTAZAR, ROBERT HAGAN,
KRISTI NOEM, TODD LYONS,
PAM BONDI,
in their official capacities,

    Respondents.

## ORDER

Before the Court are the petitioner's Verified Petition for a Writ of Habeas Corpus (Petition), ECF No. 1, and Motion for a Temporary Restraining Order (TRO) and/or Preliminary Injunction (Motion), ECF No. 5. The Court GRANTS IN PART the motion for a temporary restraining order.

In November 2025, petitioner, a noncitizen of the United States, was arrested and taken into custody by United States Immigration and Customs Enforcement (ICE). ECF No. 1 at ¶2. After a stint at an immigration detention center in Florida known as "Alligator Alcatraz," petitioner was transferred to the Aurora Detention Facility Center in Aurora, Colorado, where he remains. *Id*. While in detention in

1

Florida, petitioner moved for a bond hearing. *Id.* An immigration judge (IJ) denied his request for bond, concluding that it lacked jurisdiction. *Id.* However, the IJ found that if it had jurisdiction, it would release petitioner on a bond of $1,500. *Id.*

Respondents claim that petitioner is detained pursuant to the mandatory provisions of 8 U.S.C. § 1225(b)(2)(A). Petitioner argues that, as someone who is not a recent arrival to the United States, and who has never been admitted or paroled, his detention is discretionary under 8 U.S.C. § 1226. *Id.* at ¶45. This section entitles noncitizens to a bond hearing at the outset of their removal proceedings unless they meet specific exclusions under § 1226(c), which do not apply to petitioner. *Id.* Therefore, petitioner claims, he is being illegally detained. *Id.*

Petitioner requests that this Court order his immediate release from detention with no bond, or, in the alternative, order him released on a bond of $1,500 with no additional conditions, consistent with the IJ's decision, or, in the alternative, order respondents to bring him before a neutral adjudicator within seven days for a bond hearing. *See id.* at 20; ECF No. 5 at 15. Petitioner additionally requests that this Court enjoin respondents from transferring him outside of the Court's jurisdiction. ECF No. 1 at 20; ECF No. 5 at 15.

A court presented with an *ex parte* emergency request pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to

2

"preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause … for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on a shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate respondents will not release petitioner on bond. ECF No. 1 at ¶ 26 (explaining that, absent intervention from a federal court, immigration judges are barred by recent Board of Immigration Appeals precedent from releasing individuals, like petitioner, who are charged as removable under 8 U.S.C. § 1182(a)(6)(A)(i), on jurisdictional grounds). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368

3

(2025) (granting TRO to prevent expedited deportation potentially violative of due process).

To protect the status quo and preserve this Court's jurisdiction, the Court enters this TRO to the extent that respondents are hereby enjoined from removing petitioner from the United States or transferring him out of Colorado unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this order. *See* 28 U.S.C. § 1651(a); *see also Pineda v. Baltasar et al.*, 1:25-cv-02955-GPG-TPO (D. Colo. Sept. 25, 2025).

To the extent they have not yet done so, no later than Friday, December 19, 2025, petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail and by overnight mail; and (2) promptly file proof of such service on the docket. Counsel for respondents shall promptly enter notices of appearance, and, within fourteen days of service, respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted either requiring a bond hearing within seven days or petitioner's release from custody. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day

4

deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)).

It is SO ORDERED.

Dated: December 19, 2025         BY THE COURT:

R. Brooke Jackson
Senior United States District Court Judge

5